UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BONITA CLARK MURPHY, as Personal Rep. of the Estate of JEFFREY CLARK, Deceased, | |
| Plaintiff, | Case No. 1:03-cv-145 |
| v. | Hon. Richard Alan Enslen |
| LEE GILMAN, *et al.*, | **ORDER** |
| Defendants. | |
| _____/ | |
| BONITA CLARK MURPHY, as Personal Rep. of the Estate of JEFFREY CLARK, Deceased, | |
| Plaintiff, | Case No. 4:04-cv-103 |
| v. | Hon. Richard Alan Enslen |
| BRIAN FOREBACK, *et al.*, | **ORDER** |
| Defendants. | |
| _____/ | |

Now before the Court is Defendants Deputy Warden Lee Gilman, Officer Ginger Bayne, Officer Bruce Stout, Officer VanderVlucht, Sergeant Don Wise, Lieutnant Shirley Whittaker, Sergeant Thomas Lauters, Sergeant Michael Harvey, Psychologist Mark Fox, Officer Thomas Dowker, and Officer Brian Foreback's Motion to be Excused from the Final Pretrial Conference that is scheduled for November 15, 2006 at 3:30 p.m.

Upon consideration of such request, it shall be denied. Defendants in the present matter are not entitled to any special immunity or privilege to not attend ongoing legal proceedings against them. Furthermore, the final pretrial conference will consider matters pertinent to scheduling and

trial. Although Defendants' counsel claims no purpose would be served by requiring the attendance of all 11 defendants, the Court disagrees. The final pretrial conference addresses not only the issue of settlement, but also the question of whether Defendants are presently satisfied with counsel and whether counsel can ethically appear on behalf of 11 different parties. The Court's experience is that many times in actions such as this, only a single attorney will be employed (out of cost concerns) to tell a single story–even when there are significant differences between the Defendants as to what occurred during the pertinent events and significant differences as to how much fault should be assigned to the various Defendants. For this reason, and the important rationales of Michigan Rules of Professional Conduct 1.7(a), 1.7(b), 1.8(f) and 1.8(g), the Court routinely explains potential conflict of interest situations to Defendants in these situations and tells them they have a right to not waive a conflict of interest under the Rules. The questioning of individual Defendants is also important to properly monitor ethical conduct by defense counsel. Therefore, the Court does not consider it an unnecessary waste of resources, nor does the Court believe the difficulty of scheduling such a hearing without conflict outweighs the concerns addressed above. Therefore, all 11 Defendants shall attend the final pretrial conference.

However, the Court is aware that Defendant Gilman is currently in Tanzania, Africa through November 20, 2006 and, as a result, unable to attend the conference as scheduled. Therefore, the final pretrial conference will be adjourned and rescheduled.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to be Excused from the Final Pretrial Conference (Dkt. No. 216) is **DENIED**.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference is **ADJOURNED** and **RESCHEDULED** to January 23, 2007 at 11:00 a.m.  Scheduling for the trial date shall be discussed at the pretrial conference.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
November 3, 2006  Richard Alan Enslen
  Senior United States District Judge