UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BONITA CLARK MURPHY, as Personal Rep. of the Estate of JEFFREY CLARK, Deceased, | |
| Plaintiff, | Case No. 1:03-cv-145 |
| v. | Hon. Richard Alan Enslen |
| LEE GILMAN, *et al.*, | |
| Defendants. _____/ | |
| BONITA CLARK MURPHY, as Personal Rep. of the Estate of JEFFREY CLARK, Deceased, | |
| Plaintiff, | Case No. 4:04-cv-103 |
| v. | Hon. Richard Alan Enslen |
| BRIAN FOREBACK, *et al.*, | **OPINION** |
| Defendants. _____/ | |

This matter is before the Court on five motions *in limine* of the parties, four of them filed by Defendants and one by Plaintiff. The Parties have responded to the respective motions and the Court finds oral argument unnecessary. *See* W.D. MICH. LCIVR 7.3(d).

I.   **BACKGROUND**

This suit was brought on behalf of Jeffrey Clark ("Decedent") who died while incarcerated by the Michigan Department of Corrections ("MDOC"). Plaintiff's Complaint charges Defendants with violating Decedent's Eighth Amendment rights and also committing gross negligence and intentional infliction of emotional distress.

**II.     CONTROLLING STANDARDS**

The Court exercises discretion when resolving questions of admissibility and relevance of evidence at trial. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997); *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). The preferred mode of decision is, as in this case, by rulings in advance of trial so as to save court resources, permit an efficient presentation of proofs to the jury, and avoid jury prejudice. *See* FED. R. EVID. 103.

Evidentiary rulings depend in large part on the trial court's assessment of the relevance of the proffered evidence and the extent of any prejudice caused by its admission. Under Federal Rule of Evidence 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**III.    ANALYSIS**

    **A.     Plaintiff's Motion *In Limine***

Plaintiff requests that the Court prohibit Defendants from introducing evidence of Decedent's prior misconduct citations or incorporating such evidence into arguments to the jury under Federal Rules of Evidence 401, 402 and 403. Plaintiff avers that such evidence is not relevant and, to the extent that it would be relevant, its probative value is substantially outweighed by the danger of confusion of the issues or that it might mislead a jury. Defendants agree in their response that such

evidence is not relevant to the claim at issue and will not seek to introduce the misconduct tickets; however, they argue two caveats are appropriate.

First, if Plaintiff argues that Decedent was likely to be paroled, Defendants should be allowed to introduce evidence that this parole was unlikely to occur. Such evidence would include the misconduct tickets and Parole Board Notice. The Court agrees that this is a reasonable caveat. If the Decedent's parole eligibility is brought into question, the prior misconduct tickets would become relevant for their tendency to show that Decedent's parole would have been unlikely. Further, there is little danger of confusion of the issues in this situation where the prior misconduct tickets are so obviously a factor in parole determinations; however, a jury instruction clarifying this point can be given as well.[1]

Defendants' second proposed caveat is that those individual Defendants who had contact with Decedent before his death be able to explain their state of mind at the time of their involvement. This testimony would not include the admission of the misconduct tickets or Parole Board Notice but would include statements about Decedent's previous misbehavior and the fact he had received previous tickets. Again, the Court agrees with Defendants. Where individual Defendants are testifying to their state of mind when they interacted with Decedent, such a behavioral history would be relevant in their interpretation of his actions and also relevant to the inquiry of deliberate indifference. Therefore, the Court will grant in part and deny in part Plaintiff's Motion *in limine*.

---

[1] In making this ruling, the Court itself makes one caveat: since the parties have failed to provide copies of the misconduct tickets, such that the Court does not know the nature of the misconduct, the Court reserves judgment as to whether the relevancy of the content of the tickets may be "substantially outweighed by the danger of unfair prejudice..." FED. R. EVID. 403.

    **B.**    **Defendants' Motions** *in Limine*

    1.    Defendants' First Motion *In Limine* – Policy Violations

Defendants' first motion endeavors to exclude any evidence or testimony as to alleged MDOC policy violations by individual Defendants under Federal Rules of Evidence 402 and 403. Defendants' argue that policy violations are not relevant to the question of whether Decedent's constitutional rights were violated and that such evidence would confuse the jury or be unduly prejudicial. The Court agrees that the violation of policy directives are not relevant for inquiry into an Eighth Amendment claim of deliberate indifference. *See Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992). However, Plaintiff also alleges two state law claims, gross negligence and intentional infliction of emotional distress. The policy violations by Defendants will be relevant to inquiry into whether Defendants committed gross negligence. Therefore, the Court finds that Plaintiff can present evidence or testimony that Defendants violated MDOC policies. There shall be a jury instruction, however, to the effect that such policy violations should not influence the jury's inquiry into deliberate indifference nor should such policy violations be equated with the violation of constitutional rights.

    2.    Defendants' Second Motion *In Limine* – Ultimate Issue Evidence and Testimony

Defendants' second Motion *In Limine* seeks to exclude Plaintiff's expert witnesses from testifying to the ultimate issue in the case: whether Defendants were deliberately indifferent, grossly negligent, or intentionally inflicted emotional distress upon Decedent. Defendants assert that allowing Plaintiff's experts to testify to such matters will give the impression that those experts know the answer to the inquiry which will result in juror confusion. Defendants further argue that by allowing such testimony, Plaintiff's experts will be defining legal terms. Plaintiff has responded

that such testimony is proper under Federal Rule of Evidence 704 and she will not be asking any witness to define a legal term.

Under Federal Rule of Evidence 704, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(a). This rule has shifted "the focus to whether the testimony is 'otherwise admissible.'" *Woods v. Lecurex*, 110 F.3d 1215, 1219 (6th Cir. 1997) (citation omitted). The Sixth Circuit Court of Appeals has made clear "[a]lthough an expert's opinion may 'embrace an ultimate issue to be decided by the trier of fact,' the issue embraced must be a factual one." *Berry v. City of Detroit*, 25 F.3d 1343, 1353 (6th Cir. 1994) (citation omitted); *accord Woods*, 110 F.3d at 1219 (excluding ultimate issue testimony on the ground that when the terms used have a separate, specialized meaning in the law, such testimony is not helpful to the trier of fact); *United States v. Sheffey*, 57 F.3d 1419 (6th Cir. 1995). The Sixth Circuit noted in *Shahid v. Detroit*, 889 F.2d 1543 (6th Cir. 1989), that the trial court had properly excluded testimony, "not because it related to the ultimate issue in the case, but because the court determined that it would prejudicially confuse the jury to hear an expert witness base his opinion of the ultimate issue on facts that were for the jury to determine." *Id*. at 1527. The Court finds this situation no different; therefore, Defendant's second Motion *In Limine* is granted.[2]

---

[2] Defendants also seek to exclude the testimony of Michael Hackett and any other "corrections expert" that Plaintiff seeks to have testify. To the extent that such experts will be testifying to the inadmissible legal conclusions as described above, such testimony will not be allowed. However, to the extent such an expert would be testifying to those conditions and circumstances surrounding Decedent's death, such testimony is 'otherwise admissible' under the Rules and will be allowed. *See Woods*, 110 F.3d at 1219-20.

3.      Defendants' Third Motion *In Limine* – Ombudsman and MSP Reports

Defendants request in their third Motion *In Limine* that an Ombudsman Report and a Michigan State Police Report ("MSP Report") should not be admitted as exhibits pursuant to Federal Rule of Evidence 802.  Defendants argue these reports contain hearsay, double hearsay, and inaccuracies. Plaintiff responds that the Ombudsman and MSP Reports constitute public reports and, therefore, are not excluded by the hearsay rule. FED. R. EVID. 803(8).  The Court agrees.  Further, those statements in the Ombudsman Report which are factual findings resulting from an investigation shall be admissible under subsection 8(A) of Rule 803.  However, quoted statements in the reports are hearsay and shall be omitted to the extent that they do not qualify as admissions by a party.  FED. R. EVID. 801(d)(2).  The Court notes that much of Defendants argument goes towards the weight of the evidence, not its admissibility.  As such, these arguments are better suited for the jury.  Therefore, Defendants' third Motion *In Limine* is granted in part and denied in part.

4.      *Defendants' Fourth Motion* In Limine *– Indemnification*

Defendants' final Motion *In Limine* seeks to exclude evidence, testimony, or arguments concerning indemnification of Defendants by MDOC.  Defendants argue that such evidence or arguments will be irrelevant under Federal Rule of Evidence 402 and unduly prejudicial under Rule 403.  The Court agrees.  Where Defendants are being sued in their individual capacity, evidence concerning indemnification is irrelevant for any proper purpose.  Further, even if such evidence was relevant, its probative value is substantially outweighed by the danger of unfair prejudice, where evidence of indemnification might influence a jury to punish the MDOC for the conduct of the individual Defendants.  FED R. EVID. 403; *see also* FED R. EVID. 411 (evidence of insurance excluded).  For these reasons, the Court will grant Defendants' Fourth Motion *In Limine*.

## IV. CONCLUSION

Therefore, the Court will grant in part and deny in part Plaintiff's Motion *In Limine*. The Court will also grant Defendants' second and fourth Motions *In Limine* and deny Defendants' first and third Motions *In Limine*. An Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 11, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |